Case number 1880 10 1880 13 and 1880 18 NRA Earl Benard Blazingham blazing game at all church joint venture LP the appellant cross appellee versus Earl Benard Blazingham at all a police cross appellants oral argument not to exceed 20 minutes per side. Mr. Akerley for the appellate. You may proceed. Good morning, Mr Akerley. I am the presiding judge. So please proceed. Good morning. May please the court. I've reserved five minutes of my time for rebuttal. This appeal, these consolidated appeals before the court involve some some issues that I believe are issues of first impression before the court. The primary issue which I'm going to address this morning is whether a lawsuit filed to seek a determination as to whether or not property is property of the bankruptcy estate may itself be abandoned. That is whether or not the court, the bankruptcy court has jurisdiction over the personal property yet to be determined whether it has value and whether the estate can be valued or be determined by the bankruptcy court. There are other issues which I if I have time I would like to address including the standing issue. We do have before the court a motion to strike with respect to the what I call the target defendants. That is the defendants who were in the personal property action deck action are the ones primarily prosecuting this appeal. Let me begin by by the origins and that is that the trustee I'm sorry the bankruptcy court below granted my client derivative standing to bring a declaratory judgment action questioning whether or not certain property that it's not it was not in the bankruptcy estate should in fact be considered to be in the bankruptcy estate's personal property of the debtors and a trust in the debtors children. The derivative standing was granted we brought a declaratory judgment action. We continue with the prosecution of action for some time before the bankruptcy court and then at it's sort of at the end near the time of the case being heading to trial the trustee filed a the order granting derivative standing that order was not just a blanket grant of derivative standing was it what weren't there some restrictions or conditions or terms of the order that retained some power in the trustee? Well yes with respect to settlement and you know we had to we had to as is is the is the course we had to consult with the trustee with respect to certain decisions involving settlement whether or not that would be in the best interest of the bankruptcy estate. At the at the conclusion of the of the case as it was proceeding to trial we've we were ready to go to trial but the trustee filed a motion to abandon his belief was that the property which had not yet been determined to be property of the bankruptcy estate in other words if we were successful that that property would have inconsequential value and there's not a burden there was no burden you know the two elements of a 544 abandonment there's no there was no issue with respect to a burden on the bankruptcy estate because my client was taking the entire laboring or with respect to the litigation we were financing the litigation we were prosecuting the action we were taking all of the risk financial and otherwise with respect to the action the trustee believed that that even if we were to win the action that is prevail and property came into the bankruptcy estate that that property would be of inconsequential value. Wasn't he right? I'm sorry. Isn't he right though? I mean you win this lawsuit all the money goes to the Internal Revenue Service doesn't it? Well not exactly your honor and that's the problem those issues were yet to be determined one of the problems we confront with this particular case is as we look to section 544a of the Bankruptcy Code it provides that a trustee may abandon any property of the estate. The only thing pending before the bankruptcy court was a lawsuit filed post post bankruptcy. Was that litigation not property of the estate? No the litigation is not property of the estate property of the state is property that can be property that we existed pre petition which comes into the bankruptcy state which in the within the definition of section 541 which says all legal or equitable interests of the debtor in property as of the commencement of the case. And what standing did your client have? Derivative standing. From who? We're a creditor from the bankruptcy court. Well doesn't that mean it's property of the estate then? Where does this come from? No the lawsuit is to determine property of the it's a declaratory judgment action saying asking the court to determine that certain property which existed pre-petition and claim to not be bankruptcy state property was in fact bankruptcy of state property. I think the question is that the only way that you have derivative standing and then with the extensions of the order that required the trustee to be involved in settlement the only way that exists is because there is a property interest that belongs to the estate. Isn't that correct? Well without the property interest you don't need to get derivative standing and the trustee has no reason to be involved in finalizing what settlement came. So why is the trustee involved? Why is the bankruptcy estate involved? Why is the court involved? Why did you need derivative standing if this didn't belong to the estate? Well the derivative standing was we made demand upon the trustee to bring an action to determine whether or not the property constituted property of the bankruptcy estate. The estate didn't have any any assets in it at the time the trustee refused to do so and so we sought derivative standing. The derivative standing is is to determine whether there are interest in property of the bankruptcy estate. But that determination is itself property of the estate. Is it not the right to make that claim and what the trustee subsequently abandoned was the litigation not the actual personal property. Is that correct? No it's not correct. I think the way the bankruptcy code reads in section 541 we're talking about property as of the commencement of the case. This property was not in the bankruptcy estate. It was not property of the bankruptcy estate at the time. We sought a determination that it was. The lawsuit is not itself property of the estate. It's that a determination of whether or not it was property of the estate needed to be made because you're not saying that it doesn't belong to the estate. Is that right? No in fact correct. In fact our argument was that the court should determine that the property constituted property of the bankruptcy estate. That determination had not been made. So therefore our contention is that in order to abandon, right, the trustee who has the sole right to abandon he has to be abandoning a state property. There had not been a determination that there had been a state property. That's why argument in the brief deals with an advisory decision. The court essentially speculated and advised sort of a what if it was property? Then I believe it has no value. But that's not what the court decided. The court weighed the trustee's request to abandon the property based on the trustee's opinion, business judgment in his discretion or her discretion. I'm unclear on that at this point. With respect to the inconsequential value of the litigation. Isn't that correct? You're correct Your Honor. That's what Judge Lata did. But respectfully we believe she erred in doing so. You cannot decide whether there is something to be abandoned. You have to remember we're prosecuting the lawsuit to determine whether or not the property is property of the bankruptcy estate. The trustee comes in and says well in my business judgment, okay, if this property comes into the bankruptcy estate, then I don't think it has any value. And there's evidential issues there. But the point is he didn't have any ability to abandon anything, whether business judgment or not, because there was no property in the bankruptcy estate. Your position is that the personal property is in fact property of the estate, which is what you want the action to determine. But that the trustee had to wait until that determination was made in order to abandon it. Yes, because when that issue is determined, then the trustee can move to abandon it. Everyone can weigh in on what is the value of that. What has happened in the bankruptcy estate? You had a chance to weigh in at the hearing as to whether or not there was some value beyond what the trustee was asserting that was a benefit to the estate. Isn't that correct? Yes. And we did over objection. The evidence was not of present value. The evidence was of value as of the commencement of the case. The trustee needed to present, I'm sorry, information regarding what you thought the value was or why you thought the trustee was wrong. You didn't affirmatively present something that was counter to what he used to determine that there was no value. Because, I mean, the appraisal was yours. So you had an opportunity to address that the trustee is saying there is no value here. There actually might be a greater value but you didn't present that. No, because we believe the trustee did not meet his burden of value, of inconsequential value. The trustee put on three pieces of evidence. The IRS claim, the Greer-Simonton appraisal, which was ours, and an insurance policy, which covered personal property. The insurance policy, first of all, is an insured value of personal property with no itemization of what personal property is involved. Second is the tax return. The IRS has a lien, a claim against certain assets of the bankruptcy estate, but there are, as I explained to Judge Lada, there are other things and other actions pending in the bankruptcy court which could then obviate, including a potential of a settlement, which could obviate the IRS claim. The IRS claim, you cannot look at it in a vacuum. You have to look at it in the entirety of the bankruptcy estate and all potential available assets that could satisfy the IRS claim. Anything could happen. With respect to the Simonton appraisal... The trustee offered that evidence, though, as a basis for his business judgment, not as a basis for what the final value, which could be determined, would be. It was the basis for his business judgment in abandoning, isn't that correct? Well, clearly he was... What you're saying is the trustee shouldn't have had the right to abandon, but the trustee can't limit that, does it? No, no. What the trustee was doing was putting on evidence, those three pieces of evidence, as value, not only to... The business judgment is a cart after the horse, so to speak. What you have is you have the trustee saying, I think these assets are of inconsequential value. I have to establish value, then based on what I have, as far as value goes, then I make the decision, the business judgment decision, as to whether or not those assets could be abandoned. Again, the problem is those assets aren't in the bankruptcy accord. His business judgment is about something that doesn't even exist, and that's the problem. What the bankruptcy court should have done is she should have allowed the lawsuit to continue. She should have made a determination. It could have very well have been that this property was not property of the bankruptcy estate. My client was bearing that cost. I If we lost and the property was not in the bankruptcy estate, we're done. But if we won and the property is in the bankruptcy estate, then the trustee has an opportunity to evaluate it at that point, because it is now in the bankruptcy estate, and as Section 544A says, the trustee may abandon property of the estate. What stopped you from... Because, again, I'm sorry, it sounds like what you're saying is, is that had the court made the ultimate determination this was property of the estate, and then the trustee came in and moved to abandon it based upon the business judgment, then you would have had a better opportunity to say that... to counter the trustee's business judgment. What stopped you from doing it at that hearing? Just the fact that our argument was that the trustee didn't have the... he didn't have the right to abandon anything at that point. That was our argument. You chose to only address one part of what you had the ability to do, then you think that the whole hearing should not have gone forward. Because the hearing was set, what the hearing is about was set, the trustee was asserting business judgment as a basis for abandonment. You knew that, so you had the ability to address that, but instead of addressing that, you chose to only address whether or not the hearing should be going forward at all. Well, the burden of proof at the hearing was on the trustee, right? We felt the trustee did not meet his burden for several reasons. One, responsibility to not only address whether or not the burden was met, but also to address what the underlying issue was. Because you had no guarantee that that argument was going to be successful, and you had an opportunity to make the next argument, but you chose not to. Right, we did... we did not put on evidence beyond what the trustee put on in value. We... our position was A, the trustee didn't have the right to do what he was doing. B, the value that the trustee put on was not the proper valuation. Well, it sounds like you are going back and forth, if you will, between what the trustee actually abandoned here. And again, I think it's... is it clear that the trustee abandoned litigation, and not the actual personal property? So, it's the litigation that the trustee is focused on. This... should we continue the process to determine whether this is an asset of the estate? Is it worth it to do that, or is it of inconsequential value at the end of the day? And I'm hearing your arguments, they're all focused on, you know, no, we can't do this until... you can't abandon the personal property until you know the personal property is property of the estate. I think I'm... I'm understanding what you're saying. Yes. But, if what was abandoned was the cause of action, there's no question that the cause of action was property of the estate, is there? Oh yes, the property... the cause of action was not property of the estate. And why did you have to have derivative standing? It was brought post-petition by... by... have a... through a grant of derivative standing to bring the action to determine whether or not certain property constituted property of the bankruptcy estate. Does the action exist... The lawsuit itself... Does the action exist if the bankruptcy doesn't exist? Do you have an action to determine whether or not something is property of the estate if there is no estate? No. If you don't have a bankruptcy, you wouldn't have a bankruptcy estate. The question is, what constitutes that estate? And that was the purpose of the lawsuit. I see my time has expired. It has, Mr. Ackley. We'll get back to you in a few minutes. Okay, thank you so much. You're reserved five minutes, is that correct, sir? Morning. Michael Corey for the Appellees. If the court please, with respect to Appellant's arguments. The derivative standing order is clear. The derivative standing motion filed by Church Joint Venture says we're seeking derivative standing to bring a claim, a cause of action that belongs to the estate. That's what the motion says. The court granted that motion. The court's order says you have derivative standing to pursue a cause of action. And just because you have derivative standing, the cause of action still belongs to the estate. That's in the court's order. Now, in their brief, they argue, well, we assume the burden of pursuing... of the cost and expense of pursuing that litigation. But the derivative standing order also gave Church Joint Venture an administrative claim. If there was a recovery, they would get their fees reimbursed out of it. So what we have is derivative standing order, which wasn't appealed. Of course, it was filed in the main case. It was long final. And says its cause of action belongs to the estate. So they pursue the cause of action. Appellees file a motion to dismiss, which I'll come back to. That was denied. The parties litigated the lawsuit. Took discovery. We show up in court in December of 2017 for a pretrial conference. And the record reflects, at that pretrial conference, Council for Church Joint Venture stands in front of the court and says, Judge, discovery's complete. We have an appraisal. The property we're fighting over is a property that's been acquired, is worth $200,000, and administrative fees incurred by Church Joint Venture to date is approximately $60,000. At that same hearing, the Chapter 7 trustee stands up, expresses his concern that this is a pointless lawsuit because of the IRS claim. The court adjourned the status conference 30 days. It adjourned the status conference. The court then, the case had not settled. And the court said, okay, Mr. Trustee, if you don't think this lawsuit's worth pursuing, I'm going to set a deadline for any party to either you to seek to abandon or somebody to make you abandon this claim. Trustee filed its motion. Jointer was filed in by the defendants. With regard to the debtor's standing, there's Sixth Circuit authority. Actually, I think this court denied the motion to strike. So even though they briefed it, I'm not sure it's properly before the court. But in our response to the motion to strike, we've cited Sixth Circuit authority to the effect that a debtor does have standing, meets all the constitutional standards of standing, to object or compel abandonment. So, Trustee files his motion to compel abandonment. There's a hearing on it. An objection filed by Church Joint Venture. At the hearing, the trustee introduces three pieces of evidence. One, the IRS's proof of claim, which is a secured proof of claim for $293,000. Trustee states to the court, that was $293,000 as of August 15, 08. Keep in mind, this adversary proceeding was filed seven years into a Chapter 7 case. So, the trustee says, by my calculation, with accrued interest, the IRS claim is up to $404,000. And the trustee then introduces the Simonton appraisal. And there was a colloquy with the court. Mr. Akeley argues, well, that wasn't our expert report. But in fact, we offered Exhibit 4, which is in the record, which was an email from Mr. Akeley to counsel some months earlier saying, here's my expert report in this adversary proceeding. So, the expert report values the property at roughly $200,000 in round figures, which was the figure that Mr. Akeley represented to the court at the December status conference. Trustees then offers, let's see, what was the third exhibit? Let me ask you a question. Was there anything in the derivative standing order that would have prohibited the trustee from bringing a motion to abandon? And do you agree that what was abandoned was the litigation claim as opposed to the personal property? Absolutely. The claim was abandoned. There was nothing in the order that precluded the trustee from abandoning it. Churchland Venture didn't argue that in their brief. There is case law out there, mostly in a Chapter 11 context, that says even when a creditor's committee gets derivative standing, that doesn't preclude the debtor from, well, actually, that's in the settlement context. There are cases out there that say a creditor's committee can get derivative standing, doesn't preclude the debtor from settling a lawsuit. I would submit if a debtor or a trustee could settle a lawsuit notwithstanding derivative standing, then they could also abandon a lawsuit. The third exhibit was a homeowner's policy, which had coverage of homeowner's insurance on a policy issued to an entity called the Blasingame Family Trust of $1,194,000. The trustee said, well, you know, when we filed this lawsuit, there was an allegation that there was coverage for this amount, but we've now done discovery and found out there is not property that's worth that. And all we're stuck with is $200,000. And the trustee, importantly, as part of his business judgment opined, his concern that if the case was litigated to its conclusion, that you'd wind up with property that had an appraised value of $200,000, he would then have to liquidate it as a bankruptcy trustee. Based on his experience, it was unlikely that you would liquidate that in a bankruptcy sale for $200,000. You would then have to subtract Church Joint Ventures' fees, which again, as of the status conference, was in the $60,000 range. Then you'd add whatever additional fees were incurred in trial. And then significantly, the trustee expressed concern that if this ended up being deemed to be property of the estate and the trustee was forced to sell it, not only would all the recovery be impressed with the IRS's lien, but the very act of sale would generate a post-petition administrative tax claim to the estate, which the estate would have no money to pay because all the proceeds were going to be sucked up by the IRS lien. So from the trustee's perspective, it simply was not enough for Church Joint Ventures to say, you know, we're litigating this on our nickel. They were certainly advancing that nickel, but they were going to get it back if there was recovery. But again, from the trustee's perspective, there was concern that again, we were going to wind up with an administratively insolvent estate. We would generate a post-petition tax claim in selling this property if they were successful. Mr. Corey, how do you see this breaking down? Let's say that what you just mentioned did happen to come to pass. The trustee did not abandon this lawsuit. It goes to trial and concede that the property becomes property of the estate worth $200,000. Just pick an easy number. There's a cost of liquidation, say 10%. There's $190,000 left over. Does all that money then go to the Internal Revenue Service? Do the administrative claims get paid first, or how does this go forward from your standpoint? From my standpoint, the IRS would be surcharged with the plaintiff's legal fees by virtue of... Did the IRS agree to that? Pardon? Did the IRS agree to that? No, but they were noticed on the derivative standing order, and the derivative standing order provided that. Okay. So they had an opportunity to object to it. I would say it's tantamount to them being surcharged for a secured credit or recovery by a trustee. But they'd still have a standing to say, wait, we agreed to be surcharged assuming that this would go very quickly and it would be like a $30,000 legal fee versus $60,000 or more, wouldn't they? You know, they would certainly, I think, be entitled to challenge the reasonableness of the fee because the court would have to approve the fee application of Church Joint Venture. They'd have a second bite at the apple as to reasonableness of the fee. I believe Your Honor is correct on that. How does this get to benefit any unsecured credit or other credit in this case? It doesn't. That was the trustee's conclusion. That was his business judgment. There was no proof from Church Joint Venture that there was any equity in this lawsuit, ever going to be any equity in this lawsuit. So at that point, it was clear that any recovery was simply going to first reimburse Church Joint Venture for its legal fees, balance be sucked up by the IRS's secured claim, and then possibly leave the estate with a post-petition tax claim which it couldn't pay. Now, we submit the travesty in all of this that my clients had to defend this lawsuit when it should have been dismissed from the get-go. Now, this case was filed seven years into the bankruptcy case. We filed a motion, a 12B motion, basically alleging two things, that the declaratory judgment action claim failed to allege any factual predicates that would make a state a plausible claim under the Twombly and Iqbal standards. Allegations of claim were very conclusory. There was allegations that, well, the debtors didn't list much property in their bankruptcy schedules, and they didn't, because the debtor's position was owned by trust. The debtor alleges, or the complaint alleges, that the debtors are trustees of trust, that the debtors contend that the trust owned property, but the church joint venture contends that it's property of the estate. There's little or no factual predicate as to what would make a plausible claim that the property was not owned by any of the trust, if that was the debtor's contention. They had to submit more than just saying, I dispute that, I disagree, I think it's property of the estate. They don't even identify specifically with property. They sued three trusts in this lawsuit, as well as the Blasting Games children, and said, well, you know, y'all claim some of this property is yours. It doesn't say you claim this, you claim this, you claim this. Just that there's property out there that the debtors say belonged to other people, and we say it belongs to the debtors. And, again, when you parse through the, throw out the conclusory allegations, we submit there's no factual allegations that survived Twombly and Iqbal. This is the subject of your cross-appeal. That's the subject of our cross-appeal. The bankruptcy court, at a three-page ruling, denying this motion, the court devoted one paragraph to the Twombly argument, basically saying, everybody knows what we're talking about here. That's basically what the court said. The court did not undertake any Twombly-Iqbal analysis, said, you know, this has been going on for years, y'all know what's at issue here. Well, that's not the proper standard for analyzing 12b-6 motion. The court did not go through a Twombly analysis. The court should not have gone outside the four corners of the complaint in determining whether the complaint, notwithstanding the court's subjective view that people should have known based on the prior seven years of litigation in the bankruptcy case, what was at issue here. Keep in mind, we had defendants who were not parties to the bankruptcy or who were not debtors. We had the debtors' children. We had three trusts which were not in bankruptcy. And so, from a Twombly, from a Rule 8 perspective, a defendant's entitled to know what it is we're fighting over. Are we fighting over this lamp, that lamp, this table? What are we fighting over? So we submit the court by just saying, you should know what we're talking about here, erred. But even if this court decides that, well, there were sufficient factual allegations, that they said there was property in the house that the debtor said belongs to the debtor and they said otherwise, we submit the claim should have been dismissed for statute of limitations purposes. Now, in the cause of action, when you get to count one, the legal theory that is espoused and is cited, and the statute is cited, as well as case law in the complaint, kind of an unusual pleading tactic, but they cite Tennessee's ostensible ownership statute, which is part of Tennessee's fraudulent conveyance statute. It's obviously not part of the Uniform Act, but it's adjunct to Tennessee's common law fraudulent conveyance statute. And what the complaint alleges and what the statute basically says, it's a creditor's remedy. And it basically says if you're a creditor executing on judgment and your judgment debtor has been in possession of personal property for five years and there's no bill of sale or anything else, no trust, nothing showing ownership elsewhere, then there's a rebuttable presumption that the property belongs to the debtor. So Church Joint Venture, their legal theory is, well, ostensible authority, ostensible ownership statute. And they even cite in their complaint case law that, well, the... Well, that's our contention, Your Honor, because they cite in their complaint that the statute is not a statute of adverse possession. It's not designed to regulate title to property as between the possessor and the true owner. It's a creditor's remedy. You're about to argue about the statute of limitations, which will get us back to 544, right? So that's their theory was the ostensible ownership statute. A creditor's remedy. Well, how does a bankruptcy trustee invoke a creditor's remedy? Well, the law is pretty clear on that. We have Section 544A. Section 544A allows a bankruptcy trustee to step in the shoes of a hypothetical judgment creditor. So, and in fact, there's very little case law in Tennessee construing this statute, but there are two cases which are actually cited in the complaint. There's the Thatch case and the McLemore case. Both of them Bankruptcy Act cases, but in both cases they involved a bankruptcy trustee using their avoidance powers under Section 70A, I believe, of the prior act, which is now the current counterpart is 544A, to try to avoid an interest in property under 544A using the ostensible ownership statute. So our argument to the bankruptcy court was even if it states adequate tombly facts, the legal theory is that you're avoiding this because the debtors have been in possession of property for five years and therefore it's deemed to be theirs and the trustee has the right under the ostensible ownership statute. They don't mention 544 in their complaint, but we submit that's the only legal basis that the bankruptcy trustee could have invoked it. And again, the only case law cited in the complaint is that we're pre-bankruptcy act cases invoking Section 70. Here, 544A has a statute of limitations. It's set forth in Section 546. We heard that to the bankruptcy court. The bankruptcy court rejected the argument, saying, well, determination of what is property estate is peculiar within my jurisdiction. Well, it may be, but a bankruptcy court has to exercise jurisdiction within the confines of the statutory framework. And if your legal theory is I can avoid a transfer or seek a determination because I stand in the shoes of creditors under 544A, then the court's jurisdiction rises and falls with the trustee's ability to do that. But it raises the question whether or not it really is an avoidance because the argument isn't that the transfer to whatever trust should be undone. It's that there really is no trust here that's in possession, that the property actually belongs to the estate. So there is a difference between saying deemed property of the debtor versus avoiding the property being transferred and then bringing it back to the debtor. Well, first off, in terms of transfers, again, if you're arguing fraudulent transfer, you're still stuck with the two-year statute of limitations. Secondly, there's no factual allegations alleging that this is an improper trust, a self-settled trust. It's devoid of allegations. So there's nothing to support the bankruptcy court's determination that there may be something here for me to decide simply because they say this is property of the estate. You have to look at why they say it's property of the estate. They say it's property of the estate because the debtor has been holding it for five years prior to bankruptcy. And I think that's what gets back to the language because it's five years and it is deemed to belong to the debtor. Well, it's a rebuttable presumption. But again, it's a creditor's remedy. So how does a trustee invoke it? It's not a self-executing statute, and it's not a statute of adverse possession under Tennessee case law. I'm sorry, go ahead. But there could be a request for a declaration that it's property of the estate without getting into any of the avoidance issues. It's almost like you're saying it's fraudulent conveyance by operation of law or something. The complaint doesn't allege that. The complaint alleges there's property out there, not telling you what it is or who owns it. You say it belongs to other people, we say it doesn't, and our legal theory is it's been in possession of the debtors for five years. That's all what the complaint said. I can't rewrite the complaint for the plaintiff, nor did the bankruptcy court. That was their claim. I think my time is up. You may finish your last thought if you like, or are you all set? I think I've said it all. I have one last question. Go ahead. If the panel were to affirm the bankruptcy court's ruling on the first two cases, would you agree that that obviates the need to address your cross-appeal? Well, recognizing that this might go up to the Sixth Circuit, I would say that it doesn't. The court should address whether we should have even been forced to do this. It provides guidance not only to this court and future courts as to what one needs to plead to make a claim under Tennessee's ostensible ownership statute. So I think the court, rather than not addressing it, should say in the alternative, if the trustee's business judgment was not adequate, this case should have never proceeded. Thank you. Thank you. Mr. Ackerley. Please, the court, in my remaining time, and obviously if there's any questions I'd be pleased to answer them. With respect to the question of what benefit is there to the estate, if in fact the property comes into the estate, doesn't the IRS take it all? Well, here's what we argued, and that is that yes, perhaps. We don't know. We don't know until that happens. But it would reduce the IRS claim. The IRS claim is like $200,000, $300,000. It's not a huge claim. Anything that draws down on the IRS claim reduces the IRS claim and provides a benefit to the bankruptcy estate. And so you test the value of these assets once they're in the bankruptcy estate by putting them in the marketplace. That is, the trustee can then decide, does anyone want to buy these? Well, all of these assets are the assets of the debtor's home. And they're worth a lot of money, and our position has always been that either from a settlement perspective or from a sale perspective, they're going to be sold for more than what Mr. Simonton said they were worth at the filing of the case. We're talking about the 2008 value. And also, Mr. Simonton, in his report, said he didn't even have access to all the property that was in the estate. We subsequently, subsequent to 2009, we identified all of the property that was the subject of the personal property claim. Now, on the issue of pleading and limitations, we're talking about a declaratory judgment action. Notice pleading applies. They could have sought reconsideration. Many, many years passed. They never filed summary judgment on the pleadings or on the statute of limitation issue. If that's already been ruled on, why would they file another motion? You could always file a motion to reconsider. You could take an interlocutory appeal. They did nothing. And by the way, with respect to the pleading issue, so much discovery went on in this case that it's pretty much, whether they knew or should have known is pretty much waived and moot by the fact that they discovered everything. They know everything that is the subject of this lawsuit. On the limitations issue, it's interesting. I would argue that the statute of limitations issue that Mr. Curry raises is a defensive issue. And basically, this is a declaratory judgment action, and the statute of limitations does not apply to this action. And so this is not an action to a creditor's rights action for fraudulent conveyance or for set-aside. It's an action to decide who owns this property. Do the debtors and their trusts own this property, or does this property belong in the bankruptcy estate? How we get there is... Is there no statute of limitations for derivative actions? No. Oh, well, no. The derivative action is a vehicle to file the action. We have derivative standing. It's a declaratory judgment action. Right, so there's no statute of limitations for declaratory judgment actions? No, not under 2201. All right. And so our argument has always been that this case was ripe for determination, should have been heard, so that we could determine whether or not the property at issue was property of the bankruptcy estate. Judge Opperman's question is, was there a statute of limitations under the bankruptcy code? Not applicable to this action. It's not an avoidance action. It's an action to determine property of the bankruptcy estate, and Judge Lada, in her decision, agreed, and that was right. That's all I have. Unless you have any further questions. I have a question. So it seems that you're arguing that there was value in the action that is now lost, but I'm still not clear why this is where you're making that argument, as opposed to setting up that information before the bankruptcy court in an addressing in the determination that the trustee was making in his business judgment regarding the value that there was actually value there. I'm still not clear why you left that argument on the table. Well, again, I can only say that, to answer your question, hopefully, is that the action itself is not property of the estate. It's not a valuation issue with respect to the action. The action leads to a result. That result would have value to the bankruptcy estate. But you also didn't argue how that action had value and how it should be maintained in addressing the trustee's determination that there really was no value to the estate. Okay, I think I understand. The question is, when we were at the abandonment hearing, we argued that the lawsuit should remain, that the lawsuit itself should not be subject to abandonment. We did argue that. The trustee put on evidence with respect to the speculation that property would come into the bankruptcy estate at some point. He essentially assumed, okay, Judge, you're going to rule in my favor, in Church Joint Ventures' favor, and all this property is going to come into the bankruptcy estate, so what is that value? And taking that value, the judge basically then said, the lawsuit doesn't have any value. But your argument is the lawsuit does have value because having the declaration gives you something else. Yes, it has value in the sense, perhaps not a pecuniary value, but it has value in the sense that it is a means to an end. And that is that property will come into the bankruptcy estate, then be subject to a robust sales procedure and evaluation at that time. Once it's in the bankruptcy estate, the particular players who are interested in that property can then determine what the value of that property is at that time. Thank you. Those players you indicated were your client, the debtor, and then potentially the IRS, all the people who had notice of the abandonment hearing and all the people who could then come in and say, no, this abandonment should not go forward for these reasons because there is value, not just because it's not time for this now. Yes. So the lawsuit has value in the sense that it can result in some property that's in the bankruptcy estate that can be liquidated. The IRS would sit on the sidelines waiting for that determination. Obviously, once the property is in the bankruptcy estate, is being liquidated, the IRS would see what is that, what is the result of that, and then make a claim. The IRS doesn't just get the money. They have to make a claim for the money. And so they've never in this case, incidentally, ever sought a determination that that property was subject to their lien. We haven't gotten there. The lawsuit was abandoned. So the IRS has not taken any action at all in this case. Well, it filed a proof of claim. Yes, but filing a proof of claim gets you a distribution. Right. All right. So once property is in the estate, the property has to be liquidated. Whatever the value is as a result of that liquidation, then the IRS would then make a request as a secured creditor. Would you say they filed a secured claim, correct? Yes, but it's a claim subject to a distribution. But it doesn't just happen. Something has to be filed in the bankruptcy to distribute, ahead of other creditors, distribute something to their secured claim. So there would have to be a lift stay or some motion to distribute. It's a priority claim. So they filed it as a secured claim. So based upon the order of priority, their distribution comes first. Oh, yes. No, I understand. But it doesn't just – the justiciary doesn't just write a check to the IRS. He has to make notice that the IRS is being paid. My point is it's the process. But we don't get to that process until we know what the property is in the estate and what the value of that property is going to be. And it needs to be tested in that environment. The claim is allowed until it's objected to. Isn't that correct? Oh, absolutely. We don't – yes, Your Honor. We don't have a problem with the IRS claim. My concern is that we never got – unfortunately, never got to the point where we could then take these assets, put them in the right environment to be sold, liquidate the assets with all the different competing interests, pay down the IRS claim. Suddenly, the IRS claim could be substantially, if not in whole, paid off, which benefits all the creditors but, you know, every other asset in this case. But you're not suggesting that in every bankruptcy there is no way to determine whether or not an asset is of benefit to the estate without having – if there's any type of litigation without that litigation concluding? Because it seems like under your argument that you cannot settle anything ever. You cannot make a determination of whether or not something has value without exhausting all litigation, addressing that thing first. And that's not what you're saying. No, no, no. This is not a settlement. Here we have basically an abandonment, which means – You're saying that a lawsuit cannot – the subject of a lawsuit cannot be resolved and the determination as to whether or not it has value to the estate cannot be resolved unless you conclude the lawsuit. In this case, correct. We can't – the subject of the lawsuit was asking the court for determination that personal property constitutes property of the bankruptcy estate. Until that property comes into the bankruptcy estate, you cannot determine what its value is. You cannot determine what its benefit is because at that point you would liquidate it and then make – But trustees do that all the time, though. Yes. They determine that there is a claim that they believe has value, that it should belong to the estate. The debtor may or may not agree, but rather than go through the litigation process, they'll agree to a number to be paid in and then it'll be done. So you don't have to have the lawsuit to resolve whether or not there's a benefit to claiming that property and trying to go further in spending money to see if you'll realize money. There could have been a settlement here. Unfortunately, the trustee chose a different route to abandon, basically taking the money outside of the bankruptcy accord and not benefiting the creditors at all. So the trustee still had rights to act as they saw fit. You just don't like what they chose to do. Well, there are things that people do and people don't do, and we either disagree or disagree. I think as a matter of law here, if you look at the clear language, the clear language of the statute, this lawsuit is not property of the bankruptcy estate. The result of the lawsuit would result in property of the bankruptcy estate. Until we get there, there was no abandonment that could take place as a matter of law, and Judge Latta erred in that regard. Thank you. If there's no further questions. Thank you. Well, that will conclude the record in this case. I believe we want to call the next case.